**BRUNO W. TARABICHI**, CA State Bar No. 215129
btarabichi@owenstarabichi.com
**OWENS TARABICHI LLP**
111 N. Market St., Suite 730
San Jose, California 95113
Telephone: 408.298.8200
Facsimile: 408.521.2203
*Pro Hac Vice* Application Pending

**PUOY K. PREMSRIRUT**, State Bar No. 7141
puoy@brownlawlv.com
**PUOY K. PREMSRIRUT, ESQ. INC.**
520 S. Fourth Street, Second Floor
Las Vegas, NV 89101
Telephone: 702.384.5563
Facsimile: 702.385.1752

Attorneys for Plaintiff
Russell Road Food and Beverage, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SOUTHERN DIVISION

| | |
|---|---|
| RUSSELL ROAD FOOD AND BEVERAGE, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>MIKE GALAM, an individual; VICTOR GALAM, an individual; JACQUELINE GALAM BARNES, an individual; CANICO CAPITAL GROUP, LLC, a California limited liability company; ABRAHAM ASSIL, an individual; GEORGE ESHAGHIAN, an individual; DJAVID HAKAKIAN, an individual; MORRIS NEJATHAIM, an individual; HAMED YAZDANPANAH, an individual; SOLEIMAN NAZARIAN, an individual; ISAAC JAVDANFAR, an individual; KAMRAN SAMOOHA, an individual, MEHRAN SADIGHPOUR, an individual; WEST BEST CAPITAL GROUP, LLC, a Delaware limited liability company; SEFOX INVESTMENT, LLC, a California limited liability company; OLYMPIC CAPITAL VENTURE, LLC, a | Case No. 2:13-CV-00776-JCM-NJK<br><br>**ORDER GRANTING PLAINTIFF RUSSELL ROAD FOOD AND BEVERAGE, LLC'S EMERGENCY OPPOSITION TO AND REQUEST FOR RECONSIDERATION OF ORDER EXTENDING THE BRIEFING AND HEARING SCHEDULE FOR PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND RENEWED REQUEST FOR ISSUANCE OF A TEMPORARY RESTRAINING ORDER PENDING HEARING ON MOTION FOR PRELIMINARY INJUNCTION**<br><br>Judge: Hon. James C. Mahan |

| 1 | Delaware limited liability company; EL MARINO, LLC, a California limited |
|---|---|
| 2 | liability company; KNOTTING HILL, LLC, a California limited liability |
| 3 | company; SN & GE, LLC, a California limited liability company; IJ |
| 4 | PROPERTIES, LLC, a California limited liability company; S DOUBLE, LLC, a |
| 5 | California limited liability company; INDUSTRIAL ROAD 2440-2497, LLC, a |
| 6 | Nevada limited liability company; RHINO BARE PROJECTS LLC, a California |
| 7 | limited liability company; RHINO BARE PROJECTS 4824 LLC, a California limited |
| 8 | liability company; CRAZY HORSE TOO GENTLEMEN'S CLUB LLC, a Nevada |
| 9 | limited liability company; and DOES 1 – 50, inclusive, |
| 10 | |
| 11 | Defendants. |

**AFTER FULL CONSIDERATION** of Plaintiff Russell Road Food and Beverage, LLC's Emergency Opposition to and Request for Reconsideration of Order Extending the Briefing and Hearing Schedule for Plaintiff's Motion for Preliminary Injunction and Renewed Reqeust for Issuance of a Temproary Restraining Order Pending Hearing on Motion for Preliminary Injunction is GRANTED as follows.

**THE COURT HEREBY FINDS AND ORDER THAT**

1. Plaintiff Russell Road Food and Beverage, LLC ("Russell Road") is likely to succeed on the merits of its trademark infringement claim. Russell Road has shown that it owns common law and statutory trademark rights in the CRAZY HORSE III mark in connection with its gentlemen's club in the City of Las Vegas and State of Nevada and that such rights date back to at least as early as September 4, 2009 when it opened its CRAZY HORSE III gentlemen's club. Russell Road has also shown that an analysis of the Ninth Circuit's *Sleekcraft* factors weigh in favor of a finding of likelihood of confusion. The Court also notes that Russell Road has submitted substantial evidence of actual confusion in the marketplace, which is the best indicator that a likelihood of confusion exists.

2. Russell Road has shown that it is suffering and is likely to suffer irreparable harm in the absence of a temporary restraining order. Such irreparable harm may be presumed by Russell Road's showing that it is likely to succeed on the merits of its trademark infringement claim. However, Russell Road has made a separate and sufficient showing of irreparable harm through its submission of evidence that (i) actual confusion has already occurred in the market; (ii) it has suffered, and will continue to suffer, intangible harm to the goodwill of its CRAZY HORSE III mark, (iii) it will be unable to control and maintain the reputation and perception of its CRAZY HORSE III mark, (iv) it will be unable to obtain a reasonable return on its investment of millions of dollars into its CRAZY HORSE III mark; and (v) its CRAZY HORSE III mark will be tarnished by being associated with the negative reputation of the former Crazy Horse Too club and its owners.

3. The balance of equities tips in Russell Road's favor. Russell Road has invested millions of dollars into its mark and created substantial goodwill and consumer recognition in its CRAZY HORSE III mark. In contrast, Defendants have just recently adopted the CRAZY HORSE TOO mark and did so with full knowledge of Russell Road's prior rights in the CRAZY HORSE III mark. The damage to Russell Road if a temporary restraining order does not issue far outweighs the alleged harm to Defendants of their duty to comply with the law.

4. As in most trademark cases, a temporary restraining order serves the public interest because it prevents confusion in the market. Here, actual confusion is already occurring and a temporary restraining order would serve to the public's interest by preventing further confusion.

5. A temporary restraining order would serve to preserve the status quo in this case until the Court can hear and make a decision on Russell Road's Motion for Preliminary Injunction.

6. A bond in the amount of $100 is appropriate because Defendants have just recently started using the CRAZY HORSE TOO mark and have not yet opened their competing gentlemen's club, such that they will suffer no lost sales, and because Defendants adopted the CRAZY HORSE TOO mark with full knowledge of Russell Road's use and ownership of the

| | |
|---|---|
| 1 | CRAZY HORSE III mark and position that Defendants' use would constitute infringement. |
| 2 | **THEREFORE, IT IS HEREBY ORDERED THAT**, pending a decision on Plaintiff's |
| 3 | Motion for Preliminary Injunction |

1. All named Defendants, including without limitation, all of their respective owners, officers, managers, employees, agents, partners, and all other persons acting in concert or participation with Defendants, are hereby temporarily restrained and enjoined from opening a gentlemen's club under the CRAZY HORSE TOO name or mark prior to June 1, 2013.

**IT IS HEREBY FURTHER ORDERED THAT**

1. Upon the issuance of this Order, Russell Road shall provide security for this temporary restraining order by tendering $100 cash to the Clerk of the Court pursuan to Local Rule 67-1;

2. Defendants shall file and serve their opposition to Russell Road's Motion for Preliminary Injunction by May 13, 2013;

3. Russell Road shall file and serve its reply brief in support of its Motion for Preliminary Injunction no later than May 17, 2013; and

4. The parties shall appear for hearing and oral argument on Russell Road's Motion for Preliminary Injunction on May 22, 2013 at 10:00 AM. in Courtroom 6A, at the Lloyd D. George Fedeal Courthouse, 333 South Las Vegas Boulevard, Las Vegas, Nevada.

ENTERED May 10, 2013 at 1:50 PM.

*James C. Mahan*
HON. JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE