| | |
|---|---|
| 1 | **BRUNO W. TARABICHI**, CA State Bar No. 215129 |
| | btarabichi@owenstarabichi.com |
| 2 | **OWENS TARABICHI LLP** |
| | 111 N. Market St., Suite 730 |
| 3 | San Jose, California 95113 |
| | Telephone:  408.298.8200 |
| 4 | Facsimile:  408.521.2203 |
| | *Pro Hac Vice* |
| 5 | |
| | **PUOY K. PREMSRIRUT**, State Bar No. 7141 |
| 6 | puoy@brownlawlv.com |
| | **BROWN BROWN & PREMSRIRUT** |
| 7 | 520 S. Fourth Street, Second Floor |
| | Las Vegas, NV 89101 |
| 8 | Telephone:  702.384.5563 |
| | Facsimile:  702.385.1752 |
| 9 | |
| | Attorneys for Plaintiff |
| 10 | Russell Road Food and Beverage, LLC |

11             UNITED STATES DISTRICT COURT

12                   DISTRICT OF NEVADA

13                    SOUTHERN DIVISION

14

| | | |
|---|---|---|
| 15 | RUSSELL ROAD FOOD AND | |
| | BEVERAGE, LLC, a Nevada limited | Case No. 2:13-CV-00776-JCM-NJK |
| 16 | liability company | |
| 17 |                  Plaintiff, | **ORDER GRANTING PLAINTIFF RUSSELL ROAD FOOD AND BEVERAGE, LLC'S MOTION FOR PRELIMINARY INJUNCTION** |
| 18 |                  vs. | |
| 19 | MIKE GALAM, an individual; VICTOR | |
| | GALAM, an individual; JACQUELINE | |
| 20 | GALAM BARNES, an individual; | |
| | CANICO CAPITAL GROUP, LLC, a | |
| 21 | California limited liability company; | |
| | ABRAHAM ASSIL, an individual; | |
| 22 | GEORGE ESHAGHIAN, an individual; | |
| | DJAVID HAKAKIAN, an individual; | |
| 23 | MORRIS NEJATHAIM, an individual; | |
| | HAMED YAZDANPANAH, an | |
| 24 | individual; SOLEIMAN NAZARIAN, an | |
| | individual; ISAAC JAVDANFAR, an | |
| 25 | individual; KAMRAN SAMOOHA, an | |
| | individual, MEHRAN SADIGHPOUR, an | |
| 26 | individual; WEST BEST CAPITAL | |
| | GROUP, LLC, a Delaware limited liability | |
| 27 | company; SEFOX INVESTMENT, LLC, a | |
| | California limited liability company; | |
| 28 | OLYMPIC CAPITAL VENTURE, LLC, a | |

| | |
|---|---|
| 1 | Delaware limited liability company; EL MARINO, LLC, a California limited |
| 2 | liability company; KNOTTING HILL, LLC, a California limited liability |
| 3 | company; SN & GE, LLC, a California limited liability company; IJ |
| 4 | PROPERTIES, LLC, a California limited liability company; S DOUBLE, LLC, a |
| 5 | California limited liability company; INDUSTRIAL ROAD 2440-2497, LLC, a |
| 6 | Nevada limited liability company; RHINO BARE PROJECTS LLC, a California |
| 7 | limited liability company; RHINO BARE PROJECTS 4824 LLC, a California limited |
| 8 | liability company; CRAZY HORSE TOO GENTLEMEN'S CLUB LLC, a Nevada |
| 9 | limited liability company; and DOES 1 – 50, inclusive, |

Defendants.

Plaintiff Russell Road Food and Beverage, LLC's Motion for Preliminary Injunction was heard on May 22, 2013 at 10:00 a.m. Plaintiffs and Defendants were represented by counsel at the hearing.

**AFTER FULL CONSIDERATION** of the moving, opposition, and reply papers and oral argument presented by counsel, and good cause appearing therefor, Plaintiff's Motion for Preliminary Injunction is GRANTED as follows.

**THE COURT HEREBY FINDS THAT**

1. Plaintiff Russell Road Food and Beverage, LLC ("Russell Road") is likely to succeed on the merits of its trademark infringement claim. Russell Road has shown that it owns common law and statutory trademark rights in the CRAZY HORSE III mark in connection with its gentlemen's club in the City of Las Vegas and State of Nevada and that such rights date back to at least as early as September 4, 2009 when it opened its CRAZY HORSE III gentlemen's club. Russell Road has also shown that an analysis of the Ninth Circuit's *Sleekcraft* factors weigh in favor of a finding of likelihood of confusion. The Court also notes that Russell Road has submitted substantial evidence of actual confusion in the marketplace, which is the best indicator

that a likelihood of confusion exists.

2. Russell Road has shown that it is suffering and is likely to suffer irreparable harm in the absence of a preliminary injunction. Such irreparable harm may be presumed by Russell Road's showing that it is likely to succeed on the merits of its trademark infringement claim. However, Russell Road has made a separate and sufficient showing of irreparable harm through its submission of evidence that (i) actual confusion has already occurred in the market; (ii) it has suffered, and will continue to suffer, intangible harm to the goodwill of its CRAZY HORSE III mark, (iii) it will be unable to control and maintain the reputation and perception of its CRAZY HORSE III mark, (iv) it will be unable to obtain a reasonable return on its investment of millions of dollars into its CRAZY HORSE III mark; and (v) its CRAZY HORSE III mark will be tarnished by being associated with the negative reputation of the former Crazy Horse Too club and its owners.

3. The balance of equities tips in Russell Road's favor. Russell Road has invested millions of dollars into its mark and created substantial goodwill and consumer recognition in its CRAZY HORSE III mark. In contrast, Defendants have just recently adopted the CRAZY HORSE TOO mark and did so with full knowledge of Russell Road's prior rights in the CRAZY HORSE III mark. The damage to Russell Road if a preliminary injunction does not issue far outweighs the alleged harm to Defendants of their duty to comply with the law.

4. As in most trademark cases, a preliminary injuction serves the public interest because it prevents confusion in the market. Here, actual confusion is already occurring and a preliminary injunction would serve to the public's interest by preventing further confusion.

5. A preliminary injunction would serve to preserve the status quo in this case until a final determination on the merits.

6. Defendans will suffer minimal damage, if any at all, by the issuance of a preliminary injunction. Therefore, a bond in the amount of $100 is appropriate because Defendants have just recently started using the CRAZY HORSE TOO mark and have not yet opened their competing gentlemen's club, such that they will suffer no lost sales, and because Defendants adopted the CRAZY HORSE TOO mark with full knowledge of Russell Road's use

and ownership of the CRAZY HORSE III mark and position that Defendants' use would constitute infringement.

**THEREFORE, IT IS HEREBY ORDERED THAT**, pending a a full trial on the merits

1. All named Defendants, including without limitation, all of their respective owners, officers, managers, employees, agents, partners, and all other persons acting in concert or participation with Defendants, are hereby preliminarily enjoined from using the CRAZY HORSE TOO, CRAZY HORSE TOO SALOON, and CRAZY HORSE trademarks and names (alone or in combination with other letters, words, or designs), as well abbreviations thereof such as CH2, CH2LV, CHTOO, and CHTOOLV, in connection with the advertising, promotion, operation, or provision of a gentlemen's club in the City of Las Vegas and State of Nevada.

2. All named Defendants, including without limitation, all of their respective owners, officers, managers, employees, agents, partners, and all other persons acting in concert or participation with Defendants, are hereby preliminarily enjoined and ordered to (i) remove or cover up all billboards and signage featuring the CRAZY HORSE TOO, CRAZY HORSE TOO SALOON, and/or CRAZY HORSE trademarks and names (alone or in combination with other letters, words, or designs ), as well abbreviations thereof such as CH2, CH2LV, CHTOO, and CHTOOLV; (ii) remove or disable all websites that feature—whether in the domain name url or website itself—the CRAZY HORSE TOO, CRAZY HORSE TOO SALOON, and/or CRAZY HORSE trademarks and names (alone or in combination with other letters, words, or designs ), as well abbreviations thereof such as CH2, CH2LV, CHTOO, and CHTOOLV, including, but not limited to, all websites at www.crazyhorsetoogentlemensclub.com, www.crazyhorselasvegas.com, www.crazyhorselv.com, and www.ch2lv.com; and (iii) remove or withdraw all other promotional materials featuring the CRAZY HORSE TOO, CRAZY HORSE TOO SALOON, and/or CRAZY HORSE trademarks and names (alone or in combination with other letters, words, or designs ), as well abbreviations thereof such as CH2, CH2LV, CHTOO, and CHTOOLV, including, but not limited to, any flyers, advertisements, job postings, radio spots, and TV advertisements.

**IT IS HEREBY FURTHER ORDERED THAT**

1. The $100 cash deposit previously made by Russell Road as a security for the termporary restraining order shall remain on deposit with the Clerk of the Court as security for this preliminary injunction pending the final disposition of this case or further order of this Court.

ENTERED this   22nd   day of May, 2013.

_James C. Mahan_
HON. JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE