# THE ALTMAN LAW GROUP
### ATTORNEYS AT LAW

6300 WILSHIRE BOULEVARD, SUITE 980
LOS ANGELES, CALIFORNIA 90048
TELEPHONE (323) 653-5581
FACSIMILE (323) 653-5542

May 29, 2013

<u>Via email & U.S. Mail</u>
btarabichi@owenstarabichi.com

Bruno W. Tarabichi, Esq.
111 N. Market St., Suite 730
San Jose, CA 95113

      Re: *Russell Road v. Galam et al.*, Case No. 2:13-cv-00776-JCM-NJK

Dear Mr. Tarabichi:

      I received a message from my staff that you called my office today and threatened to initiate civil and criminal contempt charges against my clients for their purported violations of Judge Mahan's order re: the preliminary injunction in the above-referenced matter ("Order"). I am also in receipt of your letter dated May 28, 2013, in which you enumerate purported violations of this order by my clients.

      In the first instance, we have investigated each of these alleged violations and find that your claims are meritless. More specifically, as laid out below, our clients are not utilizing any currently enjoined domain names, websites, marks, or references.

      (1) False and/or inaccurate claim: "Defendants continue to utilize the www.crazyhorsetoogentlemensclub.com domain name in violation of paragraph 2 on page 4 of the Order."

      As we just recently again confirmed, upon clicking on this domain name, one is directed to a black page that does not display any information to the public. Any claim of utilization is, therefore, false and/or inaccurate.

Bruno W. Tarabich, Esq.
May 29, 2013
Page 2

    (2) False and/or inaccurate claim: "Defendant's website at
www.crazyhorsetoogentlemensclub.com continues to reference and use the CRAZY
HORSE TOO name on almost every page, including the About Us page, the Packages
page, the Contact Us page, and the Girls page.  In addition, the entertainer employment
application on the website also features the CRAZY HORSE TOO mark.  This violates
both paragraphs on page 4 of the Order."

    As we just recently again confirmed, upon clicking on this domain name, one is
directed to a black page.  There are no pages shown or indicated in any manner.  No
marks are indicated as well.  In fact, nothing other than a black page appears.  Any claim
of reference and and use is, therefore, false and/or inaccurate.

    (3) False and/or inaccurate claim: "Defendants use the CRAZY HORSE TOO
and the HORSE TOO marks in the urls of their Facebook pages
www.facebook.com/crazyhorsetoolv and www.facebook.com/horsetoolasvegas. This
violates both paragraphs on page 4 of the Order.

    Our clients do not currently use any Facebook pages associated in any manner
with the marks CRAZY HORSE TOO or HORSE TOO nor do they currently maintain
either of the pages www.facebook.com/crazyhorsetoolv or
www.facebook.com/horsetoolasvegas. Accordingly, your claims in this regard are false
and/or inaccurate.

    (4) False and/or inaccurate claim: "On both the
www.facebook.com/crazyhorsetoolv and www.facebook.com/horsetoolasvegas
Facebook pages, there continue to be references to CRAZY HORSE TOO, CHTOO,
CHTOOLV, AND THE HORSE.  Because there are both references that predate an[sic]
postdate the Order, this violates both paragraphs on page 4 of the Order."

    Our clients do not currently use or maintain Facebook pages
www.facebook.com/crazyhorsetoolv or www.facebook.com/horsetoolasvegas.  They
also do not use or maintain any facebook pages that reference in any way CRAZY
HORSE TOO, CHTOO, CHTOOLV, or HORSE TOO.  Accordingly, your claims in this
regard are false and/or inaccurate.

    (5) False and/or inaccurate claim: "Defendants are using the www.chtoolv.com
domain name to feature a website utilizing THE HORSE trademark.  This violates both
paragraphs on page 4 of the Order.

Bruno W. Tarabich, Esq.
May 29, 2013
Page 3

Our clients are not using the www.chtoolv.com domain name.  In fact, when clicking on this domain name, one is directed to www.crazyhorsetoogentlemensclub.com which then displays a black page as noted earlier.  Therefore, your claim in this regard is false and/or inaccurate.

(6) False and/or inaccurate claim: "Defendants' Twitter account @crazymikesclub also continues to use CRAZY HORSE TOO and/or contains references that have not been deleted."

We have been informed that our client does not use or maintain a Twitter account that makes any reference whatsoever to CRAZY HORSE TOO.  Therefore, your claim in this regard is false and/or inaccurate.

Secondly, we do not agree with your conclusion stated in your letter that the Court's Order prohibiting Defendants from using CRAZY HORSE TOO trademarks and names (alone or in combination with other letters, words, or designs) precludes our clients from using CRAZY MIKE'S Gentlemen's Club or THE HORSE, nor do we believe there is any authority that would support such an overly broad and expansive ambit of the Crazy Horse III purported trademark.

In view of the fact that your claims have no merit, please provide us the authority you maintain supports your client's right to initiate civil and criminal contempt charges against our clients.

Finally, in the event you make good on your threat that you stated to my office staff today, please be notified that we will oppose any such efforts and shall seek all available relief from the Court.

Very truly yours,

Bryan C. Altman
The Altman Law Group

BCA/ir