UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RUSSELL ROAD FOOD AND
BEVERAGE, LLC,

        Plaintiff(s),

v.

MIKE GALAM, et al.,

        Defendant(s).

2:13-CV-776 JCM (NJK)

**ORDER**

Presently before the court is plaintiff's emergency motion to enforce and modify preliminary junction and request for an order to show cause as to why defendants should not be held in civil and criminal contempt. (Doc. # 55).

In response to the allegations in plaintiff's motion, this court issued an order to show cause as to why defendants should not be held in contempt for failure to comply with this court's preliminary injunction order. (Doc. # 56). The court issued the order to show cause in response to plaintiff's allegations that defendants were willfully violating the preliminary injunction of the court. (*See* docs. # 46 & 55).

Plaintiff filed a supplement to the order to show cause. (Doc. # 57). Defendant timely filed a response. (Doc. # 58).

"A court has power to adjudge in civil contempt any person who willfully disobeys a specific and definite order requiring him to do or to refrain from doing an act." *Shuffler v. Heritage Bank*,

**James C. Mahan**
**U.S. District Judge**

1  720 F.2d 1141, 1146 (9th Cir. 1983); *see Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 465 (9th
2  Cir. 1989) (stating the court order must be "both specific and definite").  "The district court may
3  impose a sanction for the contempt only if it finds that the party requesting the sanction has proven
4  contempt by clear and convincing evidence." *Peterson v. Highland Music Inc.*, 140 F.3d 1313, 1323
5  (9th Cir. 1998).

6      "Substantial compliance with the court order is a defense to civil contempt, and is not vitiated
7  by a few technical violations where every reasonable effort has been made to comply." *In re Dual-*
8  *Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 639, 695 (9th Cir. 1993).  To succeed on a
9  motion for civil contempt, the moving party must "show by clear and convincing evidence that [the
10  nonmoving party] violated the [court order] beyond substantial compliance, and that the violation
11  was not based on a good faith and reasonable interpretation of the [order]." *Wolfard Glassblowing*
12  *Co. v. Vanbragt*, 118 F.3d 1320, 1322 (9th Cir. 1997).

13      This court's order enjoined:

14      All named Defendants, including without limitation, all of their respective owners, officers, managers, employees, agents, partners, and all other persons acting in
15  concert or participation with Defendants, are hereby preliminarily enjoined from using the CRAZY HORSE TOO, CRAZY HORSE TOO SALOON, and CRAZY
16  HORSE trademarks and names (alone or in combination with other letters, words, or designs), as well abbreviations thereof such as CH2, CH2LV,CHTOO, and
17  CHTOOLV, in connection with the advertising, promotion, operation, or provision of a gentlemen's club in the City of Las Vegas and State of Nevada.
18

19  (Doc. # 46).

20      Plaintiff argues, among other things, that defendants are violating this court's order by using
21  or operating under the name "Crazy Mike's" or "The Horse."  Defendants argue that these names
22  are not covered by the plain terms of the injunction order and that they have made good faith efforts
23  to comply with the injunction order.

24      The court agrees with defendants.  Defendants expended numerous resources, including a
25  significant amount of money, on promoting the opening of their club.  After the court issued its
26  injunction, defendants could not immediately stop every advertisement containing the violative trade
27  name.  The court finds that following the court's ruling at the injunction hearing, defendants
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

substantially complied with the injunctive order and that defendants' few technical violations do not rise to the level of civil contempt. Defendants have continued to make good faith efforts to refrain from using the violative trade names. Finally, this court does not find the names "Crazy Mike's" or "The Horse" to violate the injunction order and declines to modify the preliminary injunction to include such names.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's emergency motion to enforce and modify preliminary junction and request for an order to show cause as to why defendants should not be held in civil and criminal contempt (doc. # 55) be, and the same hereby, is DENIED.

IT IS FURTHER ORDERED that the order to show cause (doc. # 56) be, and the same hereby is, VACATED.

DATED June 11, 2013.

*/s/ James C. Mahan*
_____
UNITED STATES DISTRICT JUDGE