UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RUSSELL ROAD FOOD AND BEVERAGE, LLC,<br><br>           Plaintiff(s),<br><br>v.<br><br>MIKE GALAM, et al.,<br><br>           Defendant(s). | 2:13-CV-776 JCM (NJK) |

**ORDER**

Presently before the court is defendants Michael Galam *et al.*'s emergency motion to vacate or modify preliminary injunction. (Doc. #61). Plaintiff Russell Road Food and Beverage, LLC filed a response to the motion. (Doc. # 63).[1]

**I.    Procedural Background**

Plaintiff has operated a gentlemen's club, Crazy Horse III, since September 4, 2009. (Doc. # 1, ¶ 8). Over the past few months, Galam and other defendants have manifested an intent to begin operation of a gentlemen's club under the name Crazy Horse Too. (Doc. # 1, ¶¶ 70, 74, 76). Both parties maintain that they own the rights to the trade name "Crazy Horse". (*See* doc. # 1, doc. # 32).

On May 2, 2013, plaintiff filed an emergency motion for a temporary restraining order (doc. # 2) and a motion for a preliminary injunction (doc. # 3) to enjoin defendants from operating a club

---

[1] Defendants reply is due June 20, 2013. A reply is optional and given the basis of this court's decision, the court finds that the motion is ripe for decision.

**James C. Mahan**
**U.S. District Judge**

under the alleged infringing trade name. On May 10, 2013, the court granted the temporary restraining order against defendants. (Doc. # 29). On May 22, 2013, the court held a hearing and converted the temporary retraining order into a preliminary injunction, enjoining defendants from use of the trade name "Crazy Horse," including but not limited to the use of the name Crazy Horse Too. (*See* doc. # 45, doc. # 46).

Defendants filed a notice of appeal that same day. (Doc. # 47). Later, on June 7, 2013, defendants asked the court to consider modifying or vacating the preliminary injunction. (Doc. # 63). Defendants present several new pieces of evidence not previously before the court arguing that these documents change the facts of the case. (*See* doc. #61, exs. 1-3).

## II. Legal Standards

*A. Jurisdiction of the district court after notice of appeal*

"The filing of a notice of appeal generally divests the district court of jurisdiction over the matters appealed." *McClatchy Newspapers v. Cent. Valley Typographical Union No. 46, Int'l Typographical Union*, 686 F.2d 731, 734 (9th Cir. 1982) (citing *Davis v. United States*, 667 F.2d 822, 824 (9th Cir. 1982); *Taylor v. Wood*, 458 F.2d 15, 16 (9th Cir. 1972); *Sumida v. Yumen*, 409 F.2d 654, 656-57 (9th Cir. 1969), cert. denied, 405 U.S. 964 (1972)). Many years ago, the Supreme Court stated that once an appeal has been entered, the lower court loses its ability to proceed. *Newton v. Consolidated Gas Co. of New York*, 258 U.S. 165, 177 (1922). Specifically, the lower court may not adjudicate anew the issues "directly involved in the appeal." *Id.* (citation omitted).

However, when one party has appealed a preliminary injunction, a district court does have the authority to modify its own order to preserve the status quo or effectuate the underlying goal of an injunction. *See id.* "Undoubtedly, after appeal the trial court may, if the purposes of [j]ustice require, preserve the status quo until decision by the appellate court." *Id.* This doctrine is embodied today by Fed. R. Civ. P. 62 ©: "While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction . . . ." FED. R. CIV. P. 62 © .

While Rule 62 © appears on its face to confer broad authority to a district court to modify

James C. Mahan
U.S. District Judge                                      - 2 -


under the alleged infringing trade name. On May 10, 2013, the court granted the temporary restraining order against defendants. (Doc. # 29). On May 22, 2013, the court held a hearing and converted the temporary retraining order into a preliminary injunction, enjoining defendants from use of the trade name "Crazy Horse," including but not limited to the use of the name Crazy Horse Too. (*See* doc. # 45, doc. # 46).

Defendants filed a notice of appeal that same day. (Doc. # 47). Later, on June 7, 2013, defendants asked the court to consider modifying or vacating the preliminary injunction. (Doc. # 63). Defendants present several new pieces of evidence not previously before the court arguing that these documents change the facts of the case. (*See* doc. #61, exs. 1-3).

## II. Legal Standards

*A. Jurisdiction of the district court after notice of appeal*

"The filing of a notice of appeal generally divests the district court of jurisdiction over the matters appealed." *McClatchy Newspapers v. Cent. Valley Typographical Union No. 46, Int'l Typographical Union*, 686 F.2d 731, 734 (9th Cir. 1982) (citing *Davis v. United States*, 667 F.2d 822, 824 (9th Cir. 1982); *Taylor v. Wood*, 458 F.2d 15, 16 (9th Cir. 1972); *Sumida v. Yumen*, 409 F.2d 654, 656-57 (9th Cir. 1969), cert. denied, 405 U.S. 964 (1972)). Many years ago, the Supreme Court stated that once an appeal has been entered, the lower court loses its ability to proceed. *Newton v. Consolidated Gas Co. of New York*, 258 U.S. 165, 177 (1922). Specifically, the lower court may not adjudicate anew the issues "directly involved in the appeal." *Id.* (citation omitted).

However, when one party has appealed a preliminary injunction, a district court does have the authority to modify its own order to preserve the status quo or effectuate the underlying goal of an injunction. *See id.* "Undoubtedly, after appeal the trial court may, if the purposes of [j]ustice require, preserve the status quo until decision by the appellate court." *Id.* This doctrine is embodied today by Fed. R. Civ. P. 62 ©: "While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction . . . ." FED. R. CIV. P. 62 © .

While Rule 62 © appears on its face to confer broad authority to a district court to modify

an injunction, courts of appeal are in agreement that the rule should be interpreted narrowly. *See* FED. R. CIV. P. 62©; *The Auth. of a Fed. Dist. Court to Proceed After a Notice of Appeal Has Been Filed*, 143 F.R.D. 307, 321 (1992). Thus, a district court's authority to modify an injunction is limited to preserving the status quo or preserving the integrity of the issues on appeal. *See The Auth. to Proceed After Appeal*, 143 F.R.D. at 321; *see also Coastal Corp. v. Texas Eastern Corp.*, 869 F.2d 817, 819-20 (5th Cir.1989) (holding that the district court's dissolution of an injunction based on newly submitted evidence fell outside of the authority vested in the district court by rule 62©); *Int'l Ass'n of Machinists v. Eastern Air Lines*, 847 F.2d 1014, 1017-18 (2d Cir. 1988) (holding that district court's power to modify injunction after notice of appeal under Rule 62© limited to efforts to preserve the status quo); *Rakovich v. Wade*, 834 F.2d 673, 674 (7th Cir. 1987) (en banc) (same); *Lewis v. Tobacco Worker's Int'l Union*, 577 F.2d 1135, 1129 (4th Cir. 1978) (same).

The Ninth Circuit is in accord with other circuits–district courts in this circuit have authority to modify injunctions only to preserve the status quo. *See e.g.*, *McClatchy*, 686 F.2d at 734. Moreover, the Ninth Circuit has specifically held that vacating an injunction is not a preservation of the status quo. *Compare Natural Res. Def. Council, Inc. v. Southwest Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (holding that jurisdiction to modify injunction proper because modifications "were minor adjustments that effectuated the underlying purposes of the original requirements"), *with Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 880 (9th Cir. 2000) (affirming district court's finding that after the filing of an appeal, the district court lacked jurisdiction to consider a motion to vacate a preliminary injunction).

B.   *Rule 62.1(a)*

When a district court is barred from considering a motion due to issues on appeal, Fed. R. Civ. P. 62.1 guides the court. *See* FED. R. CIV. P. 62.1(a), *In re DirecTV Early Cancellation Fee Marketing and Sales Practices Litigation*, 810 F.Supp. 2d 1060, 1066 (C.D. Cal. 2011).[2] Rule

---

[2] *See also Cox v. Whorton*, No. 3:08-cv-00110-RCJ-VPC, 2011 WL 7279089, at *1-2 (D. Nev. Aug. 2, 2011); *U.S. v. $1,026,781.61 in Funds from Florida Capitol Bank*, No. CV 09-04381 JVS (MLGx), 2013 WL 1943436, at *1 (C.D. Cal. Apr. 16, 2013).

1  62.1(a) reads:

2  > If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

FED. R. CIV. P. 62.1(a).

These statements are called "indicative rulings". *See In re DirecTV*, 810 F.Supp. 2d at 1066. When a district court elects to issue an indicative ruling, the circuit court can then decide to remand the case to the district court or retain jurisdiction and resolve the appeal. *See id.* A statement that the motion raises a substantial issue does not bind the district court to any holding–it merely recognizes that the movant has raised an issue that merits reconsideration of the order. *See id.*

### III.  Analysis

   *A.   This court does not have jurisdiction to vacate the preliminary injunction.*

In the instant action, defendants filed a notice of appeal (doc. # 47) immediately after the court ordered the preliminary injunction. (Doc. # 46). Once the notice of appeal was filed, this court divested was divested of jurisdiction over the issues on appeal. *See, e.g.*, *McClatchy*, 686 F.2d at 734. As such, this court only has limited authority under Rule 62 © to modify its order to preserve the status quo. *See, e.g., id.* It may not revisit the issues "directly involved in the appeal." *Newton*, 258 U.S. at 177. Furthermore, the Fifth Circuit has held that even persuasive, newly presented evidence does not confer jurisdiction back to the district court. *See Coastal Corp.*, 869 F.2d at 819-820.

Vacating or modifying the injunction in the manner requested by defendants would significantly alter the status quo *and* adjudicate the precise issue on appeal. *See Prudential*, 204 F.3d at 880. The Ninth Circuit has explicitly held that a district court may not vacate a preliminary injunction that is presently on appeal. *See id.* To grant the relief defendants seek, the court would be forced to consider whether or not the injunction should have been granted–this issue is currently within the exclusive jurisdiction of the court of appeal. Accordingly, this court cannot address the

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  merits of defendants' motion.³

2      B.    *Defendants' motion raises a substantial issue.⁴*

3      Defendants' motion to vacate or modify the preliminary injunction brings to light new
evidence not previously before the court. (*See* doc. # 63, 4-5). At the preliminary injunction hearing,
defendants stated that they were unaware if a guaranty existed that possibly impacted whether any
intellectual property rights were transferred. (*See* doc. # 45). Defendants then immediately filed an
appeal. In the following weeks, defendants were able to locate documents that they contend relate
to ownership of the original "Crazy Horse Too" trade name. (*See* doc. # 63, exs. 1-3). Defendants
then filed the instant motion. (Doc. # 63).

    Reviewing the attached exhibits, the court has determined that this new evidence raises a
substantial issue. Because defendants lacked evidence at the preliminary injunction hearing
indicating they had purchased the trade name in the first place, the court declined to address other
issues of law that had not been settled. Therefore, the court does not presently make any statement
as to whether it would grant defendants' motion or not, opting instead to simply note that defendant's
motion raises a substantial issue that may warrant reconsideration of the preliminary injunction.

## IV. Conclusion

    The court lacks jurisdiction to consider the merits of defendants' instant motion by way of
defendants' own notice of appeal.

. . .

. . .

. . .

---

³ Defendants cite one case holding that a district court has broad discretion to modify an injunction based on changed circumstances or new facts. *See A & M Records, Inc. v. Napster*, 284 F.3d 1091, 1098 (9 th Cir. 2002) (citing *System Federation No. 91 v. Wright*, 364 U.S. 642, 647-48 (1961)); (doc. # 61, 11:18). However, in *A & M Records*, no party had appealed an order. *See id.* Therefore, the precise issue affecting jurisdiction in the instant case was not addressed and defendant's authority is not on point.

⁴ Defendants should note that Fed. R. Civ. P. 62.1(b) requires the movant to notify the circuit clerk that this court has issued an indicative statement: "The movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the district court states that it would grant the motion or that the motion raises a substantial issue."

**James C. Mahan**
**U.S. District Judge**

- 5 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Michael Galam *et al.*'s emergency motion to vacate or modify preliminary injunction (doc. #61) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that this court ISSUES an indicative statement that defendants' motion to vacate or modify the preliminary injunction raises a substantial issue under Fed. R. Civ. P. 62.1(a)(3).

DATED June 13, 2013.

*/s/ James C. Mahan*
**UNITED STATES DISTRICT JUDGE**