UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| RUSSELL ROAD FOOD & BEVERAGE, LLC, | ) ) | |
| Plaintiff(s), | ) ) | Case No. 2:13-cv-00776-JCM-NJK |
| vs. | ) ) | ORDER |
| MIKE GALAM, et al., | ) ) | (Docket No. 77) |
| Defendant(s). | ) ) | |

Pending before the Court is Plaintiff's emergency motion to conduct discovery and to set a briefing schedule on Defendants' motion to vacate. Docket No. 77. Defendants filed a response and Plaintiff filed a reply. Docket Nos. 81, 82. The Court finds the matter properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed below, the motion is GRANTED in part.

Courts are permitted to allow discovery prior to deciding motions for preliminary injunction based on a showing of good cause. *See, e.g.*, *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1326 (9th Cir. 1994). "Good cause exists where the need for the expedited discovery, in consideration for the administration of justice, outweighs the prejudice to the responding party." *First Option Mortg., LLC v. Tabbert*, 2012 U.S. Dist. Lexis 66065, *4 (D. Nev. May 11, 2012) (quoting *American LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009)). In determining whether to permit expedited discovery, the Court considers several factors: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery request; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance

of the typical discovery process the request was made. *First Option Mortg.*, 2012 U.S. Dist. Lexis 66065, *4.

Before the Court is Plaintiff's request to seek limited discovery into the chain of title of the CRAZY HORSE TOO trademark prior to the Court's determination on Defendants' motion to vacate the preliminary injunction. In balancing the factors above and for good cause, the Court agrees that the requested expedited discovery is appropriate. As such, the Court hereby **ORDERS** that the parties shall complete expedited discovery by August 16, 2013. Written discovery shall be due within seven days of service by email and notices of depositions may be served seven days prior to the deposition date by email.

With respect to Plaintiff's request that briefing on Defendants' motion to vacate be conducted on a non-emergency basis, the Court disagrees. Instead, Defendants' motion shall be renewed no later than August 23, 2013. Plaintiff's opposition shall be filed no later than August 30, 2013, and Defendants' reply shall be filed no later than September 6, 2013. Judge Mahan will set a hearing on the motion to vacate at his discretion. *See* Local Rule 78-2.

IT IS SO ORDERED.

DATED: July 30, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge