# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RUSSELL ROAD FOOD & BEVERAGE, LLC,

    Plaintiff(s),

vs.

MIKE GALAM, et al.,

    Defendant(s).

Case No. 2:13-cv-0776-JCM-NJK

ORDER GRANTING MOTION TO FILE AMENDED ANSWER AND DENYING MOTIONS TO STRIKE

(Docket Nos. 72, 99, 110)

Pending before the Court are two motions to strike, as well as a motion for leave to file an amended answer. Docket Nos. 72, 99, 110. These motions relate to various answers filed by George Eshaghian, Soleiman Nazarian, Abraham Assil, SN & GE, LLC, and/or West Best Capital Group, LLC (collectively, the "Eshaghian Defendants"). For the reasons discussed below, the Court hereby **GRANTS** the motion for leave to amend (Docket No. 110) and **DENIES** as moot the motions to strike (Docket Nos. 72, 99).

On June 17, 2013, an answer was filed by a subset of the Eshaghian Defendants. Docket No. 68 (filed by George Eshaghian, Soleiman Nazarian, and SN & GE, LLC). On July 9, 2013, Plaintiff filed a motion seeking to strike the affirmative defenses in that initial answer as insufficiently pled. *See* Docket No. 72. No timely response was filed in opposition to the motion to strike.

On August 16, 2013, that same subset of Eshaghian Defendants filed an amended answer, along with a cover letter indicating that the previous answer incorrectly indicated that these Defendants were represented by counsel when in fact they were proceeding *pro se*. Docket No. 90. On September 3, 2013, Plaintiff filed another motion to strike, this time seeking to strike the amended answer in its entirety as

being filed without leave to do so and, as to corporate Defendant SN & GE, LLC, for being filed *pro se*. Docket No. 99. The motion also sought to strike the amended answer on the ground that the affirmative defenses were insufficiently pled. *Id.*

On September 20, 2013, a new subset of the Eshaghian Defendants filed a second amended answer. Docket No. 102 (filed by West Best Capital Group, LLC, SN & GE, LLC, Abraham Assil, and George Eshaghian). They also filed an appearance of counsel. Docket No. 103. On September 27, 2013, Defendant Nazarian filed a "joinder" to the second amended answer. Docket No. 108.

The Eshaghian Defendants did not seek leave to file a second amended answer at the time of its filing (or of the "joinder"). Instead, on October 4, 2013, they filed a response to the motion to strike the first amended answer, arguing that they should be granted leave to file another amended answer. Docket Nos. 109, 110. That response includes a counter motion to amend, Docket No. 110, to which Plaintiff did not file a timely response.

In short, the Court essentially has before it an unopposed motion to strike, an opposed motion to strike, and an unopposed counter motion for leave to amend. The Court has discretion to deem the failure to file a response as consent to granting the motion. *See* Local Rule 7-2(d). The Court further notes that Rule 15's standards for amending the pleadings at this stage are extremely liberal. *See, e.g.*, *Peterson v. Boeing Co.*, 715 F.3d 276, 282 (9th Cir. 2013). In light of the liberal standards applicable to allowing amendments and Plaintiff's non-opposition to the motion for leave to amend, the Court hereby **GRANTS** the motion for leave to amend (Docket No. 110). Within 3 days of this order, the Eshaghian Defendants' counsel shall file the proposed amended answer on the docket. Because the Court grants the motion for leave to amend, the pending motions to strike (Docket Nos. 72, 99) are hereby **DENIED** as moot.

IT IS SO ORDERED.

DATED: December 17, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge