UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RUSSELL ROAD FOOD & BEVERAGE, LLC,<br><br>                  Plaintiff(s),<br><br>vs.<br><br>MIKE GALAM, et al.,<br><br>                  Defendant(s). | Case No. 2:13-cv-0776-JCM-NJK<br><br>ORDER DENYING MOTIONS TO STRIKE AND FOR A MORE DEFINITE STATEMENT<br><br>(Docket No. 71, 85, 88, 89) |

       Pending before the Court are various motions by Plaintiff challenging various aspects of the answers filed by Defendants Mike Galam, Victor Galam, Jacqueline Galam Barnes, Rhino Bare Projects, LLC, Rhino Bare Projects 4824 LLC, CRAZY HORSE TOO Gentlemen's Club LLC, and Canico Capital Group, LLC (collectively, "Galam Defendants"). Docket Nos. 71, 85, 88, 89. The motions have been fully briefed. The Court finds these motions properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed below, the motions to strike and the motion for a more definite statement are all hereby **DENIED**.

**I.    MOTIONS TO STRIKE (Docket Nos. 71, 85, and 88)**

       A motion to strike material from a pleading is made pursuant to Rule 12(f),[1] which allows courts to strike "an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that may arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984

---

[1] Unless otherwise noted, references to "Rules" refer to the Federal Rules of Civil Procedure.

1  F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994).  Motions to strike are
2  disfavored.  *Roadhouse v. Las Vegas Metropolitan Police Dept.*, 290 F.R.D. 535, 543 (D. Nev. 2013)
3  (Mahan, J.).  "Given their disfavored status, courts often require a showing of prejudice by the moving
4  party before granting the requested relief."  *Id.*  "Whether to grant a motion to strike lies within the sound
5  discretion of the district court."  *Id.*

6      A.    First Motion to Strike (Docket No. 71)

7  This motion seeks to strike the affirmative defenses alleged by the Galam Defendants in their initial
8  answer.  *See* Docket No. 71.  The Galam Defendants responded by indicating that they would amend their
9  answer as a matter of course pursuant to Rule 15(a)(1).  *See* Docket No. 74.  The Galam Defendants then
10  filed an amended answer.  Docket No. 79.  In light of the filing of the amended answer, Plaintiff's motion
11  to strike the Galam Defendants' affirmative defenses in their initial answer is hereby **DENIED** as moot.

12      B.    Second Motion to Strike (Docket No. 85)

13  This motion seeks to strike the affirmative defenses as alleged by the Galam Defendants in their
14  amended answer.  *See* Docket No. 85.  The Galam Defendants filed a response. Docket No. 95.  Plaintiff
15  filed a reply. Docket No. 100.  Although the parties do not explicitly address the issue, their briefing relies
16  on case law applying divergent standards in determining whether to strike affirmative defenses.  Plaintiff
17  argues that the affirmative defenses are not supported by sufficient factual allegations to meet the
18  *Twombly/Iqbal* pleading standards.  *See, e.g.*, Docket No. 85 at 5, 6-7 (citing *Valley Health Sys. LLC v.*
19  *Total Elec. Servs. & Supply Co.*, 2010 U.S. Dist. Lexis 121720, *3 (D. Nev. Oct. 29 2010)).  Nonetheless,
20  other opinions issued in this District have expressly held that those standards do not apply to a motion to
21  strike affirmative defenses.  *See, e.g.*, *Garity v. Donahoe*, 2013 U.S. Dist. Lexis 126740, *5 (D. Nev. Feb.
22  19, 2013); *Ferring B.V. v. Watson Labs., Inc.*, 2012 U.S. Dist. Lexis 23616, *8-11 (D. Nev. Feb. 24, 2012).

23  The Court finds it unnecessary to decide that issue here because Plaintiff fails to show as a threshold
24  matter that any prejudice will come from allowing the defenses to stand until the parties complete
25  discovery.  *See Painters Jt. Comm. v. J.L. Wallco, Inc.*, 2011 U.S. Dist. Lexis 68614, *2-3 (D. Nev. June
26  14, 2011) (Mahan, J.) (not deciding whether the *Iqbal*/*Twombly* standards apply because the plaintiffs
27  failed to show that any prejudice results from allowing the "generic" affirmative defenses to stand until the
28  parties complete discovery); *see also Roadhouse*, 290 F.R.D. at 543 (after determining no prejudice existed,

1  finding it unnecessary to strike 30 "listed" affirmative defenses).[2]  Accordingly, the motion to strike is hereby **DENIED**.

C. Third Motion to Strike (Docket No. 88)

This motion seeks to strike the Galam Defendants' first counterclaim for trademark infringement pursuant to 15 U.S.C. § 1125(a), arguing that it is redundant of the second counterclaim for false designation pursuant to 15 U.S.C. § 1125(a). *See* Docket No. 88. In particular, Plaintiff argues that the first two counterclaims are "just different ways of saying the same thing: trademark infringement of an unregistered trademark." *Id.* at 8; *see also* Docket No. 100 at 9. The Galam Defendants respond that there are two distinct claims for trademark infringement and false designation of origin under 15 U.S.C. § 1125(a). *See* Docket No. 93 at 4. The Court finds it unnecessary to resolve this issue at this time.

As noted above, given the disfavored status of motions to strike, "courts often require a showing of prejudice by the moving party before granting the requested relief." *Roadhouse*, 290 F.R.D. at 543. Requiring a showing of prejudice is especially common where the basis for the motion to strike is redundancy, as it is "the generally accepted view that a motion to strike for redundancy ought not to be granted in the absence of a *clear showing of prejudice* to the movant . . . Modern litigation is too protracted and expensive for the litigants and the court to expend time and effort pruning or polishing the pleadings." 5C Wright & Miller, FEDERAL PRACTICE AND PROCEDURE, § 1382, at 457-58 (2004) (emphasis added).

Plaintiff fails to show as a threshold matter that any prejudice will come from allowing the first counterclaim to stand until the parties complete discovery. Accordingly, the motion to strike is hereby **DENIED**.

**II.  MOTION FOR A MORE DEFINITE STATEMENT (Docket No. 89)**

A motion for a more definite statement is made pursuant to Rule 12(e), which requires the filing of an amended pleading where the initial pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." "Rule 12(e) is designed to strike at unintelligibility, rather than want of

---

[2] Plaintiffs also argue that certain affirmative defenses should be stricken because they were improperly categorized as affirmative defenses. *See, e.g.*, Docket No. 85 at 6. Once again, however, this argument fails from the outset because no showing of prejudice has been made. *See Painters Jt. Comm.*, 2011 U.S. Dist. Lexis 68614, at *4 (rejecting similar argument on motion to strike).

3

detail." *Woods v. Reno Commodities, Inc.*, 600 F. Supp. 574, 580 (D. Nev. 1984). Motions for a more definite statement are disfavored and rarely granted. *See Millenium Drilling Co. v. Beverly House-Meyers Revocable Trust*, 2013 U.S. Dist. Lexis 69716, *8 (D. Nev. May 16, 2013) (quoting *Sagan v. Apple Computer*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994)).

Plaintiff argues that the answer is impermissibly "vague and amorphous" because the answer "simply refers to Counterclaimants" without elaboration, so that Plaintiff "simply cannot discern which parties are asserting the six trademark related counterclaims." *See* Docket No. 89 at 10. The counterclaims are brought collectively by "Counterclaimants." *See* Docket No. 79 at Counterclaims at ¶¶ 43-81. The amended answer expressly defines that term, identifying the counterclaimants by name. *See* Docket No. 79 (preamble to Answer defining term "Counterclaimants"); *see also id.* at Counterclaims at ¶¶ 1-8 (identifying counterclaimants). Indeed, Plaintiffs' own motion for a more definite statement itself identifies the "Counterclaimants" in the same way as identified in the answer. *See* Docket No. 89 at 3 ("Counterclaimants Mike Galam, Victor Galam, Jacqueline Galam Barnes, Rhino Bare Projects, LLC, Rhino Bare Projects 4824 LLC, Crazy Horse Too Gentlemen's Club LLC, Canico Capital Group, LLC, and Industrial Road 2440-2497, LLC's (collectively 'Counterclaimants')"). Thus, it appears obvious that Plaintiff is well aware of the identity of the "Counterclaimants."[3] Accordingly, the motion for a more definite statement is hereby **DENIED**.

### III.  CONCLUSION

For the reasons discussed above, Plaintiff's motions to strike and motion for a more definite statement are all hereby **DENIED**.

IT IS SO ORDERED.

DATED: December 17, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[3] While Plaintiff may dispute the legal and/or factual basis for the Galam Defendants to bring such counterclaims collectively, *see* Docket No. 100 at 10-11, the issue before the Court is whether the counterclaims are so vague that Plaintiff cannot reasonably prepare a response to the counterclaims. They are not.