# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RUSSELL ROAD FOOD AND BEVERAGE, LLC,

        Plaintiff(s),

v.

MIKE GALAM, et al.,

        Defendant(s).

2:13-CV-776 JCM (NJK)

**ORDER**

Presently before the court is plaintiff Russell Road Food and Beverage, LLC's motion to dismiss. (Doc. # 84). Defendants filed a response in opposition (doc. # 94), and defendant filed a reply (doc. # 100).

Also before the court is plaintiff's prior motion to dismiss. (Doc. # 70). After this motion was filed, defendants amended their counterclaims to correct for the alleged deficiencies (Doc. # 79), and thus this motion will be denied as moot.

**I.     Background**

The instant case involves two Las Vegas strip clubs, each asserting claims against the other under U.S. trademark law based on the use of the term "crazy horse." Plaintiff Russell Road Food and Beverage, LLC has owned and operated the Crazy Horse III since September 2009. Defendants claim to be the rightful owners of the trademark "Crazy Horse Too."

**James C. Mahan**
**U.S. District Judge**

The Crazy Horse Too opened in Las Vegas in 1984, and was initially owned and operated by Rick Rizzolo and The Power Company, Inc. In 2007, due to a violation of a plea agreement, all of the assets of the Crazy Horse Too were seized by the United States federal government. On July 11, 2011, the U.S. Trustee sold the Crazy Horse Too assets to defendant Canico Capital Group, LLC.

The instant motion requests dismissal of defendants' counterclaim for trademark dilution. Plaintiff argues that defendants have failed to plead specific facts that are necessary for such a claim, and assert that the counterclaim should therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.     Legal standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 1949.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949.

**James C. Mahan**
**U.S. District Judge**

- 2 -

1   Where the complaint does not permit the court to infer more than the mere possibility of
2   misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id*.
3   (internal quotations omitted). When the allegations in a complaint have not crossed the line from
4   conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

5   The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202,
6   1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth,
7   allegations in a complaint or counterclaim may not simply recite the elements of a cause of action,
8   but must contain sufficient allegations of underlying facts to give fair notice and to enable the
9   opposing party to defend itself effectively. Second, the factual allegations that are taken as true must
10  plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to
11  be subjected to the expense of discovery and continued litigation." *Id.*

12  **II.    Analysis**

13  The requirements for a claim of trademark dilution by tarnishment are laid out in 15 U.S.C.
14  § 1125(c)(1). This provision states that "the owner of a famous mark that is distinctive, inherently
15  or through acquired distinctiveness, shall be entitled to an injunction against another person who,
16  at any time after the owner's mark has become famous, commences use of a mark or trade name in
17  commerce that is likely to cause dilution by blurring or dilution by tarnishment of the famous mark,
18  regardless of the presence or absence of actual or likely confusion, of competition, or of actual
19  economic injury."

20  In order to state a sufficient claim under this provision, a party must allege that "(1) the mark
21  is famous; (2) the defendant is making a commercial use of the mark in commerce; (3) the
22  defendant's use began after the mark became famous; and (4) the defendant's use of the mark dilutes
23  the quality of the mark by diminishing the capacity of the mark to identify and distinguish goods and
24  services." *Levi Strauss & Co. v. Abercrombie & Fitch Trading Co.*, 633 F.3d 1158, 1164 n.4 (9th
25  Cir. 2011).

26  . . .
27  . . .
28

**James C. Mahan**
**U.S. District Judge**

1  In this case, plaintiff argues that defendants' counterclaim is insufficient because defendants fail to allege that the plaintiff's use of the Crazy Horse III marks will tarnish their own marks. However, in the counterclaim, defendants specifically state that because of the confusing similarity between Crazy Horse III and Crazy Horse Too, defendants have and will continue to suffer damages through the increased difficulty in distinguishing their own goods and services from those of plaintiff. (Doc. # 94 p. 4:10-16). Defendants also state that their own club has fame and popularity that have come from being featured in movies and past visits by various celebrities.

These statements make clear that defendants believe that their goods and services are particularly distinctive, and their marks are weakened and tarnished by plaintiff, whose strip club lacks a similarly famous history, using a similar name. Therefore, the court finds that defendants have sufficiently alleged a claim for trademark dilution by tarnishment and will deny plaintiff's motion to dismiss.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to dismiss (doc. # 84) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to dismiss (doc. # 70) is DENIED as moot.

DATED February 7, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -