# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

RUSSELL ROAD FOOD AND BEVERAGE, LLC,

       Plaintiff(s),

vs.

MIKE GALAM, et al.,

       Defendant(s).

Case No. 2:13-cv-00776-JCM-NJK

ORDER DENYING MOTION TO STAY OR TO MODIFY THE SCHEDULING ORDER

(Docket No. 135)

Pending before the Court is Plaintiff's motion to stay or to modify the scheduling order. Docket No. 135. Defendants filed a response and Plaintiff filed a reply. Docket Nos. 137, 138. The Court finds this matter properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed below, the motion is hereby DENIED.

Courts have inherent power to stay the cases before them as a matter of controlling their own docket and calendar. *See Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110-13 (9th Cir. 2005) (reviewing Ninth Circuit law on issue, and finding a stay was inappropriate). The movant bears the burden of showing that a stay is warranted. *See Clinton v. Jones*, 520 U.S. 681, 708 (1997).

Plaintiff has not shown that the requested relief is appropriate here.[1] Plaintiff argues first that this case should be stayed or slowed because separate litigation has been initiated in California that

---

[1] The motion seeks an indefinite stay or, in the alternative, a three month extension to the deadlines in the scheduling order. This case is roughly two months from the close of discovery. *See* Docket No. 114.

may bear upon Mike Galam's ownership interests. *See* Mot. at 4. Plaintiff further argues that, *inter alia*, the Galam Defendants' standing to assert their counterclaims depends on a finding of ownership. *See* Reply at 4. Plaintiff's showing is deficient. For example, "[a] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). Here, it appears that a case management conference has yet to occur in the California case and Plaintiff does not provide any indication what the schedule will likely be. *See* Mot. at 10 ("*once the schedule is set in the Canico Ownership Dispute case in California*, the parties may be able to more efficiently coordinate discovery" (emphasis added)); *see also id.* (noting that the California dispute may be arbitrated, and that the arbitration schedule would likely be known in less than three months). This shortcoming alone warrants denial of the motion as it relates to the California action. *See, e.g., Fleming v. Coverstone*, 2010 WL 4955546, *2 (S.D. Cal. Dec. 1, 2010).

       The Court also finds unpersuasive Plaintiff's argument that this case should be stayed pending resolution of the preliminary injunction appeal, as the Ninth Circuit has repeatedly cautioned against delaying proceedings at the district court level in order to attempt to ascertain the views of the Ninth Circuit panel hearing a preliminary injunction appeal. *See, e.g.*, *DISH Network Corp. v. FCC*, 653 F.3d 771, 776 (9th Cir. 2011) (quoting *Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 753 (9th Cir. 1982) for the proposition that, *inter alia*, "our disposition of appeals from most preliminary injunctions may provide little guidance as to the appropriate disposition on the merits").

       Accordingly, the motion to stay this case or continue the deadlines in the scheduling order is hereby **DENIED**.

       IT IS SO ORDERED.

       DATED: March 21, 2014

                                            _____
                                            NANCY J. KOPPE
                                            United States Magistrate Judge