1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RUSSELL ROAD FOOD AND BEVERAGE, LLC,) | Case No. 2:13-cv-0776-JCM-NJK |
| Plaintiff(s),        ) | |
| vs.                     ) | ORDER VACATING HEARING |
| MICHAEL GALAM, et al.,       ) | |
| Defendant(s).         ) | |

On May 13, 2014, the Court set a hearing for May 16, 2014 at 3:00 p.m.  Docket No. 151.
The Court has now received the parties' positions regarding their discovery disputes that prompted
the request for emergency Court intervention.  Docket No. 156.   For the reasons discussed below,
that hearing is hereby VACATED.

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. 26
Flamingo, LLC*, 2013 WL 3975006, *8 (D. Nev. Aug. 1, 2013) (quoting *F.D.I.C. v. Butcher*, 116
F.R.D. 196, 203 (E.D. Tenn. 1986)). "It is regrettable that counsel for the parties and/or the parties
themselves have so much difficulty cooperating with discovery and the Court is often called upon to
spell out detailed rights and responsibilities." *Id.*  The joint position statement of the parties reveals
that the discovery disputes at issue here stem from the unreasonable behavior of attorneys on both
sides.  By way of example, counsel have apparently found it necessary to dispute–and have come to
an impasse on–which counsel should prepare a stipulation.  *See* Docket No. 156 at 8 ("Russell
Road's counsel repeatedly suggested that Defendants' counsel prepare a stipulation, but

Defendants' counsel refused because they insisted on Russell Road's counsel preparing the stipulation despite the fact that it is Defendants' counsel's schedule that drives the need for such stipulation.")  "Obstructive refusal to make reasonable accommodation, such as [both parties] exhibited, not only impairs the civility of our profession and the pleasures of the practice of law, but also needlessly increases litigation expense to clients."  *Hauser v. Farrell*, 14 F.3d 1338, 1344 (9th Cir. 1994).

Counsel should not engage in unreasonable discovery tactics and then seek "emergency" relief from the Court without a proper basis for doing so.  The Court reminds counsel that requests for emergency relief are discouraged because they raise numerous problems for the Court and the parties.  *See, e.g.*, *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 490-92 (C.D. Cal. 1995).  The Court further disabuses counsel of the notion that Local Rule 26-7(c) generally relieves them of the duty to present their arguments in written form by simply calling chambers and asserting that an "emergency" exists.  That rule allows parties to contact chambers by telephone "where time does not permit" the filing of a written motion.  Local Rule 26-7(c).  For example, parties might rely on that rule when an urgent dispute arises during a deposition that requires immediate resolution.  Such a situation clearly does not exist here.

In short, the Court finds that the parties should continue to attempt to resolve without Court intervention the issues presented.  To the extent the parties require additional time to conduct or respond to discovery, they should meet and confer and, if necessary, file a stipulation or a motion.  To the extent the parties believe discovery requests or deposition notices are improper, they should meet and confer and, if necessary, file the appropriate motion.

IT IS SO ORDERED.

DATED: May 15, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge