# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

RUSSELL ROAD FOOD AND BEVERAGE, LLC,

    Plaintiff(s),

v.

MIKE GALAM, et al.,

    Defendant(s).

2:13-CV-776 JCM (NJK)

**ORDER**

Presently before the court is plaintiff Russell Road Food & Beverage, LLC's motion to reconsider. (Doc. # 140). Defendants filed a response in opposition. (Doc. # 142). Plaintiff has filed two supplements to its motion (docs. # # 146, 169) and defendants have filed a supplement to their opposition (doc. # 161).

**I.    Background**

In the instant motion (doc. # 140), plaintiff argues that Magistrate Judge Koppe erred in denying its motion to stay or, in the alternative, to modify the scheduling order. In the underlying motion, plaintiff argued that the resolution of two outside proceedings may impact the instant case: (1) a separate action in California, *Galam v. Assil* ("California action"), that may bear upon defendant Michael Galam's ownership interests; and (2) an appeal before the Ninth Circuit of this court's decision (doc. # 127) to vacate the preliminary injunction in this case.

. . .

**James C. Mahan**
**U.S. District Judge**

1    The magistrate judge denied plaintiff's motion, finding: (1) plaintiff did not provide any
2 indication that the California action is likely to conclude within a reasonable time in relation to the
3 urgency of the claims presented in this action; and (2) plaintiff's argument that this case should be
4 stayed pending the outcome on appeal unpersuasive because the Ninth Circuit has repeatedly
5 cautioned against delaying proceedings at the district court level in order to ascertain the views of
6 the Ninth Circuit following a preliminary injunction appeal. (Doc. # 139).

**II.    Legal standard**

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); D. Nev. R. 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). "This subsection would also enable the court to delegate some of the more administrative functions to a magistrate, such as . . . assistance in the preparation of plans to achieve prompt disposition of cases in the court." *Gomez v. United States*, 490 U.S. 858, 869 (1989).

"A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (quotation omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Global Advanced Metals USA, Inc. v. Kemet Blue Powder Corp.*, 2012 WL 3884939, at *3 (D. Nev. 2012).

A magistrate's pretrial order issued under 28 U.S.C. § 636(b)(1)(A) is not subject to de novo review, and the reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

**III.   Analysis**

In the instant motion, plaintiff reiterates the same arguments that Magistrate Judge Koppe rejected. Plaintiff contends that a stay in this case could maximize efficiency if the other proceedings

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  develop as plaintiff anticipates. Plaintiff specifically argues that the California action may render
2  defendants without standing to assert counterclaims in this case and that the appellate decision could
3  guide this court as to the merits of this action.
4      In the opposition, defendants assert that plaintiff's standing argument is implausible. (Doc.
5  # 142). Defendants argue that the former majority members of Canico are all named defendants in
6  this case and that all parties' interests are protected through counterclaims brought by Canico against
7  the plaintiff. Moreover, defendants argue that plaintiff failed to establish the requisite showing of
8  "hardship or inequity" to warrant a stay pending the appellate decision.
9      The court will address each of plaintiff's contentions in turn.
10     *(1)    California proceeding - Galam v. Assil*
11     Without addressing the deficiencies identified by the magistrate judge, plaintiff concludes
12 that a stay in this case will promote judicial efficiency, speculating that if this case proceeds in
13 parallel with the California action, the parties will duplicate discovery and motion practices. (Doc.
14 # 140). In its two supplemental filings, plaintiff details the pretrial motions and holdings of the
15 California action.
16     "A stay should not be granted unless it appears likely the other proceedings will be concluded
17 within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva v.*
18 *Certified Grocers of Cal., Ltd.,* 593 F.2d 857, 864 (9th Cir 1979). While plaintiff extensively argues
19 that a stay of this case is appropriate, its play-by-play account of the California action only reinforces
20 the magistrate judge's finding that those proceedings will extend far into the future.
21     Accordingly, as plaintiff does not provide any indication that the California action will
22 conclude within a reasonable time, the court finds that Magistrate Judge Koppe did not commit clear
23 error in denying this portion of plaintiff's motion.
24     *(2)    Preliminary injunction appeal*
25     Citing to non-binding authority, plaintiff reasserts the same arguments that were considered
26 by the magistrate judge in the underlying motion. Plaintiff speculates that the Ninth Circuit is likely
27 to issue a decision "a mere five to six months from now." (Doc. # 140, p. 4). In support, plaintiff
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  cites to three preliminary injunction appeals involving trademark disputes and argues that since a
2  decision was rendered in those cases within four to six months, "it is reasonably definite" that the
3  same will happen in the present appeal. (Doc. # 140, p. 6-7).

4  As the magistrate judge explained (doc. # 139), the Ninth Circuit has repeatedly cautioned
5  against delaying proceedings at the district court level in order to ascertain guidance as to the merits
6  of a case. *See, e.g., DISH Network Corp. v. FCC,* 653 F.3d 774, 776 (9th Cir. 2011) ("[O]ur
7  disposition of appeals from most preliminary injunctions may provide little guidance as to the
8  appropriate disposition on the merits."). Here, plaintiff's arguments do not cast doubt upon the
9  magistrate judge's findings. In fact, plaintiff's arguments flagrantly disregard the Ninth Circuit's
10 warning, as its contention is premised on the "benefit of the Ninth Circuit ruling on these exact
11 issues." (Doc. # 140, p. 6).

12 Accordingly, the court finds that Magistrate Judge Koppe's decision to deny plaintiff's
13 motion to stay this case or continue the deadlines in the scheduling order was not in error.

### IV. Conclusion

15 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for
16 reconsideration (doc. # 140), be, and the same hereby is, DENIED.

17 DATED July 7, 2014.

*/s/ James C. Mahan*
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -