**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RUSSELL ROAD FOOD AND BEVERAGE, LLC, <br><br>　　　　　Plaintiff(s), <br><br>vs. <br><br>MIKE GALAM, et al., <br><br>　　　　　Defendant(s). | Case No. 2:13-cv-0776-JCM-NJK <br><br> ORDER DENYING MOTION TO DISQUALIFY COUNSEL <br><br> (Docket No. 150) |

Pending before the Court is Plaintiff's motion to disqualify counsel representing Defendant Canico Capital Group, LLC ("Canico"). Docket No. 150. Canico filed a response in opposition and Plaintiff filed a reply. Docket Nos. 162, 167. Canico also filed a supplement in further support of its response. Docket No. 168. The Court finds the motion properly decided without oral argument. *See* Local Rule 78-2. For the reasons discussed more fully below, the motion is hereby **DENIED**.

**I.   Background**

This case involves two strip clubs asserting claims against the other for trademark infringement based on the use of the term "crazy horse." Generally speaking, there are two sets of Defendants. First, there are the "Galam Defendants," including: Mike Galam; Canico; Industrial Road 2440-2497 LLC; Victor Galam; Jacqueline Galam Barnes; Rhino Bare Projects, LLC; Rhino Bare Projects 4824 LLC; and Crazy Horse Too Gentlemen's Club LLC. The Galam Defendants are also counterclaimants. The Galam Defendants are represented by attorneys Michael Mushkin and Bryan Altman.

Second, there are the "Eshaghian Defendants," including: George Eshaghian; Soleiman Nazarian; Abraham Assil; SN & GE, LLC; and West Best Capital Group, LLC. The Eshaghian Defendants are represented by Ariel Stern and Allison Schmidt.

Canico is important here because it alleges that it is the managing member of Industrial Road 2440-2497, LLC, which in turn claims to own the right to the "Crazy Horse Too" trademark that serves as the basis for Canico's counterclaims against Plaintiff. *See, e.g.*, Docket No. 62, Counterclaim at ¶ 40. In on-going litigation in California state court, various of the Galam Defendants and various of the Eshagian Defendants are currently disputing which controls Canico. *See Mike Galam, et al. v. Abraham Assil, et al.*, Case No. BC514908 (Cal. Super. Ct.).

In light of that corporate control dispute, Plaintiff brought the pending motion seeking to disqualify the Galam Defendants' counsel. In general, Plaintiff argues that most likely the Eshagian Defendants will be found to control Canico and, therefore, it is improper for Mike Galam to direct Canico in this action through the Galam Defendants' counsel. The Eshagian Defendants did not file a brief or declaration in relation to the motion to disqualify. The Court addresses the motion below.

**II.    Standards**

Motions to disqualify counsel are disfavored and are only granted when "absolutely necessary." *Switch Comm's Grp. v. Ballard*, 2011 WL 3859725, *2 (D. Nev. Aug. 31, 2011) (citing *United States v. Titan Pacific Constr. Corp.*, 637 F. Supp. 1556, 1562 (W.D. Wash. 1986). Courts are especially vigilant that such motions not be misused for the purpose of harassment, delay, or other tactical advantage. *See, e.g., id.* "Because of this potential for abuse, disqualification motions should be subjected to particularly strict judicial scrutiny." *Optyl Eyewear Fashion Int'l Corp. v. Style Cos., Ltd.*, 760 F.2d 1045, 1050 (9th Cir. 1985) (internal quotations and citations omitted). The party seeking disqualification bears the burden of proof. *See, e.g., Takiguchi v. MRI Int'l, Inc.*, 2014 WL 3105068, *4 (D. Nev. July 7, 2014). "A motion to disqualify should be accompanied by declarations and admissible evidence sufficient to establish the factual predicate on which the motion depends." *Colyer v. Smith*, 50 F. Supp. 2d 966, 967 (C.D. Cal. 1999).

As a general rule, courts will not disqualify an attorney for a conflict of interest unless the client, whether former or current, moves for disqualification. *See, e.g., In re Yarn Processing Patent Validity*

*Litig.*, 530 F.2d 83, 88 (5th Cir. 1976). Although a non-client generally lacks standing to move to disqualify an attorney, it has standing to do so under limited circumstances:

> The current standard applied to non client motions to disqualify . . . requires a non client to show they have a "personal stake in the motion," because of an "ethical breach [that] so infects the litigation ... that it impacts the moving party's interest in a just and lawful determination of her claims...." This is a two-step inquiry, and the alleged injury to the non client movant must be "(a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical."

*United States v. Walker River Irrigation Dist.*, 2006 WL 618823, *4 (D. Nev. Mar. 10, 2006) (discussing *Colyer*, 50 F. Supp. 2d at 971).[1] The standing requirements ensure "that non-clients will not abuse the state rules of professional responsibility by using them as tactical measures to harass the opposition or cause delay." *Id.* As with the merits of the motion, a non-client moving to disqualify also bears the burden of establishing its standing to bring the motion. *See, e.g.*, *id.* (citing *Colyer*, 50 F. Supp. 2d at 968).

### III.    Analysis

The Galam Defendants argue that Plaintiff lacks standing to bring the motion as a non-client of their attorneys. *See* Docket No. 162 at 7. The Court agrees. Plaintiff's motion asserts that there is a legal dispute in California over whether Canico is controlled by various of the Galam Defendants (including Mike Galam) or the Eshaghian Defendants. *See, e.g.*, Docket No. 150 at 4-5. Plaintiff argues that "Galam is acting as if he controls Canico and Industrial Road, despite a substantial probability that [the Eshaghian Defendants] will prevail as the ones that properly control Canico." *Id.* at 9.[2] Plaintiff

---

[1] Mindful that attorneys have an obligation to bring ethical violations to the Court's attention, courts have also applied a second exception to the general standing rules when necessary "to preserve the integrity of its judgment [and] maintain the public confidence in the integrity of the bar." *Switch*, 2011 WL 3859725, at *3 (discussing *Sentry Select Ins. Co. v. Meyer*, 2011 WL 1103333, *8 (D. Nev. Mar. 23, 2011)). "This latter ground must involve a serious ethical violation, otherwise the exception swallows the general rule against standing." *Sanders v. Lab. Corp. Of Am.*, 2011 WL 4834452, *3 (D. Nev. Oct. 12, 2011).

[2] The primary crux of Plaintiff's motion relates to whether Mr. Galam should be directing Canico's litigation strategy. *See, e.g.*, Docket No. 150 at 9 ("a party who has potentially no control of a defendant corporate entity is conducting litigation on behalf of that corporate entity"). A motion to disqualify <u>counsel</u> is not the proper vehicle to seek an order as to who should be recognized as the owner or manager of Canico authorized to control its litigation strategy through counsel. The Court is aware that the Eshaghian

3

is especially displeased with Defendant Canico's counterclaims against it: "this conflict presents a significant harm to [Plaintiff] since Galam is directing Canico to bring a [sic] counterclaims for trademark infringement against [Plaintiff]." *Id.* at 1. Plaintiff argues that recognizing a different party as controlling Canico "will naturally affect Canico's decisions in this case to pursue counterclaims." *Id.*

Plaintiff is essentially arguing that it suffers injury because Mike Galam instructed counsel to pursue counterclaims on Canico's behalf. This is not persuasive. No showing has been made that the Eshaghian Defendants and their counsel would handle those counterclaims in a materially different manner than Canico's current counsel.[3] Indeed, the Eshaghian Defendants are conspicuously silent regarding the disqualification motion, having not filed any brief in support or opposition of it. Given that Plaintiff has failed to make any showing that the Eshaghian Defendants and their counsel would direct Canico to make materially different decisions regarding the counterclaims, Plaintiff's alleged injury is purely conjectural.

Making Plaintiff's injury even more ethereal, its purported injury only materializes if in fact the Eshaghian Defendants are determined to be the parties with control of Canico. Plaintiff attempts to bridge this gap by pointing to a preliminary injunction order from the California litigation. *See* Docket No. 150 at 4-5; *see also* Docket No. 150-1 at 7, 8 (finding Assil had shown a probability of success to establish control over Canico). Orders on preliminary injunctions, however, are just that–"preliminary."

---

Defendants previously brought a motion in California to enjoin Mr. Galam from controlling Canico's litigation decisions and they have expressed an intention to renew that motion. *See* Docket No. 169 at 3. Plaintiff contends that "it is likely that the California court will soon enjoin Mike Galam from taking any actions on behalf of Defendant Canico, including in this lawsuit." *See id.* at 3. No such injunction order has been presented to this Court.

[3] Plaintiff argues that the Galam Defendants failed to present "any declarations from Galam, Assil, and/or Eshaghian in support of their opposition." *See* Docket No. 167 at 7. The problem with this assertion, of course, is that it is *Plaintiff* that bears the burden of establishing its standing to bring the motion to disqualify. *See, e.g.*, *Walker River Irrigation Dist.*, 2006 WL 618823, at *4 (citing *Colyer*, 50 F. Supp. 2d at 968). The evidence provided by Plaintiff is that the Galam Defendants opposed a motion to stay, while the Eshaghian Defendants did not. *See, e.g.*, Docket No. 167 at 7 (referring to Docket No. 137). Plaintiff fails to explain how that is sufficient to show that the Eshaghian Defendants' counsel would not pursue Canico's counterclaims, the heart of Plaintiff's purported injury.

A court's preliminary injunction order is based on a limited factual record and its views of the merits of the case may change as the litigation progresses. *See, e.g., F.T.C. v. Affordable Media*, 179 F.3d 1228, 1235 (9th Cir. 1999) (quoting *Zepeda v. I.N.S.*, 753 F.2d 719, 723-24 (9th Cir. 1984)). As the Ninth Circuit has often emphasized, a ruling on a motion for preliminary injunction "may provide little guidance as to the appropriate disposition on the merits." *See, e.g., DISH Network Corp. v. F.C.C.*, 653 F.3d 771, 776 (9th Cir. 2011) (quoting *Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 753 (9th Cir. 1982)). While Plaintiff attempts to assert otherwise by pointing to the "strongly worded analysis" in the preliminary injunction order, *see* Docket No. 150 at 5, the California court recently disabused the parties of any such notion, emphasizing that the preliminary injunction order was not making any actual findings regarding the merits since that is an issue for the jury, and explaining that the Court was instead simply weighing the equities and maintaining the status quo. *See, e.g.*, Docket No. 168-1 at 7 ("I'm not taking issues away from the jury and deciding issues, but I'm weighing the equities about the status quo").[4] At this point, the outcome of the control dispute in the California case is speculative.

**IV.   Conclusion**

In light of the conjectural and speculative nature of its alleged injury, Plaintiff lacks standing to seek disqualification of Canico's counsel. Accordingly, Plaintiff's motion to disqualify counsel is hereby **DENIED**.

IT IS SO ORDERED.

DATED: July 31, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[4] The California court also emphasized that the case remains at the preliminary stage and that final resolution at the trial court level is several years away. *See, e.g.*, Docket No.168-1 at 17 ("[B]ut you have to get to a point where I can get you to trial, and we're real far from that right now. We're real far from it. And it sounds like there's a whole lot of disputed facts, so, frankly, I don't see how anybody can get anywhere on summary judgment in this case. I mean, you dispute all the facts"); *see also* Docket No. 170 at 3 (United States District Judge James C. Mahan noting that Plaintiff's "play-by-play account of the California action only reinforces . . . that those proceedings will extend far into the future").