UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RUSSELL ROAD FOOD AND BEVERAGE, LLC,<br><br>                Plaintiff,<br><br>  v.<br><br>MIKE GALAM, *et al.*,<br><br>                Defendants.<br><br>MIKE GALAM, *et al.*,<br><br>                Counterclaimants,<br><br>  v.<br><br>RUSSELL ROAD FOOD AND BEVERAGE, LLC,<br><br>                Counterdefendant. | Case No. 2:13-cv-00776-RFB-NJK<br><br>**ORDER**<br><br>Defendants/Counterclaimants' Motion for Preliminary Injunction (ECF No. 182) |

**I.    INTRODUCTION**

Before the Court is Defendant/Counterclaimant Canico Capital Group, LLC's Motion for Preliminary Injunction. ECF No. 182. The motion has been fully briefed. Upon consideration of the parties' papers and arguments, the motion is denied for the reasons discussed below.

**II.    BACKGROUND**

This case involves two Las Vegas strip clubs, each of which asserts claims against the other under U.S. trademark law based on the use of the term "Crazy Horse." Plaintiff Russell

1  Road Food and Beverage, LLC has owned and operated the Crazy Horse III club since September 2009 and filed suit against Defendants in this Court in May 2013 claiming trademark infringement and trademark dilution and seeking to cancel Defendants' trademark registration. Defendants claim to be the rightful owners of the trademark "Crazy Horse Too" and have asserted identical counterclaims against Plaintiff.

On May 5, 2013, the Court issued a temporary restraining order enjoining Defendants from operating their strip club under the name "Crazy Horse Too." On May 22, 2013, the Court issued a preliminary injunction to the same effect, finding that the documentation submitted by Defendants indicated only that they had purchased the real property, and not the personal (including intellectual) property, associated with the Crazy Horse Too. On February 10, 2014, the Court vacated that preliminary injunction. The Court found that Defendants had submitted new evidence indicating that they had purchased the intellectual property, including trademarks and trade names, associated with the Crazy Horse Too, and that this evidence "substantially change[d] the foundation upon which the preliminary injunction was laid." Order, Feb. 10, 2014, ECF No. 127.

On February 17, 2014, Plaintiff filed a Notice of Appeal indicating that it had appealed this Court's Order vacating the preliminary injunction to the Ninth Circuit. See Notice of Appeal, ECF No. 128. On August 29, 2014, Defendants filed the instant Motion for Preliminary Injunction with this Court. Defendants seek to enjoin Plaintiff from operating its strip club under the name "Crazy Horse III."

**III.    LEGAL STANDARD**

"A plaintiff seeking a preliminary injunction must establish: (1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014), as amended (Mar. 11, 2014) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)). The Ninth Circuit continues to apply the "serious questions" test for preliminary injunctions. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir.

2011). According to this test, a plaintiff can obtain a preliminary injunction by demonstrating "that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." Id. at 1134-35 (citation omitted). The Supreme Court has stated that an injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter, 555 U.S. at 22.

The filing of a notice of appeal generally divests the district court of jurisdiction over the matters appealed. Davis v. United States, 667 F.2d 822, 824 (9th Cir. 1982). A limited exception to this principle exists under Federal Rule of Civil Procedure 62(c), under which the district court "may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." The Ninth Circuit has held that Rule 62(c) codifies the court's inherent power to preserve the status quo pending the appellate court's decision. McClatchy Newspapers v. Central Valley Typographical Union No. 26, 686 F.2d 731, 734 (9th Cir. 1982). "Thus, any action taken pursuant to Rule 62(c) may not materially alter the status of the case on appeal." Natural Res. Def. Council, Inc. v. Southwest Marine, Inc., 242 F.3d 1163, 1166 (9th Cir. 2001) (citation omitted) (internal quotation marks omitted).

### IV.   ANALYSIS

In its Order vacating the preliminary injunction, this Court ruled, in light of additional documents supplied by Defendants, that Plaintiff lacked a significant probability of success on the merits. Plaintiff appealed that decision to the Ninth Circuit. Among the issues currently pending before the Ninth Circuit are whether Defendants successfully acquired the Crazy Horse Too trademark and whether the Crazy Horse Too trademark was abandoned during the period from 2007 to 2013 when the club's operations had ceased. See Pl.'s Resp. Mot. Prelim. Inj., Decl. of Bruno Tarabichi Ex. A at 1-3, ECF No. 191.

The Court finds that it has no jurisdiction to decide Defendants' motion for preliminary injunction at this time.

. . .

. . .

. . .

To rule on this motion would require the Court to decide whether Defendants were likely to succeed on the merits of their claims, a decision which necessarily requires the Court to determine the strength of Defendants' argument that they rightfully acquired the Crazy Horse Too trademark and that it was not abandoned—the very issues currently pending on appeal before the Ninth Circuit.

In Pyrodyne Corp. v. Pyrotronics Corp., 847 F.2d 1398 (9th Cir. 1988), the Ninth Circuit found that the district court properly denied the defendant's motion for preliminary injunction where the plaintiff had filed a notice of appeal of the court's previous denial of its motion for a preliminary injunction. The Ninth Circuit's decision in Pyrodyne governs this case and requires the denial of Defendant's motion. Further, Rule 62(c)'s exception does not apply here because granting the preliminary injunction requested by Defendants would not preserve the status quo. Instead, the status quo is preserved by denying Defendants' motion and allowing the Ninth Circuit to issue a decision on appeal.

V.   **CONCLUSION**

**IT IS THEREFORE ORDERED** that Defendants' Motion for Preliminary Injunction (ECF No. 182) is **DENIED** for lack of jurisdiction.

DATED this 21st day of November, 2014.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**