1

2

3

4                        **UNITED STATES DISTRICT COURT**

5                            **DISTRICT OF NEVADA**

6                                    * * *

7    RUSSELL ROAD FOOD AND                      Case No. 2:13-cv-00776-RFB-NJK
     BEVERAGE, LLC,
8
                            Plaintiff,        <u>**ORDER COMPELLING PRODUCTION**</u>
9                                                   <u>**OF DOCUMENTS**</u>
10        v.

11   MIKE GALAM, *et al.*,

                            Defendants.
12   _____

13   MIKE GALAM, *et al.*,

14                          Counterclaimants,

15   v.

16   RUSSELL ROAD FOOD AND
     BEVERAGE, LLC,
17
                            Counterdefendant.
18

19

20   **TO:        OFFICE OF THE UNITED STATES ATTORNEY FOR THE DISTRICT**
                  **OF NEVADA**
21   **TO:        UNITED STATES MARSHAL FOR THE DISTRICT OF NEVADA**

22

23          This matter is before the Court on Defendants/Counterclaimants' Motion Requesting an

24   Order for the Production of Documents by the U.S. Attorney's Office and the U.S. Marshals

25   Service (ECF No. 223), any oppositions thereto, and the record as a whole. At a hearing held on

26   January 13, 2015, the Court determined that there was good cause to permit the parties to

27   supplement their preliminary injunction and/or summary judgment briefs with additional

28   materials believed to be in the possession of the U.S. Attorney's Office. In their Motion,

1   Defendants/Counterclaimants represented that they believed much of the material sought to be in

2   possession of the U.S. Marshals Service.

3                                              **ORDER**

4          Accordingly, and for good cause as previously stated on the record,

5          **IT IS HEREBY ORDERED** that Defendants/Counterclaimants' Motion Requesting an

6   Order for the Production of Documents by the U.S. Attorney's Office and the U.S. Marshals

7   Service (ECF No. 223) is GRANTED.

8          **IT IS FURTHER ORDERED** that, for purposes of this Order, the term "forfeited

9   property" shall mean the assets substituted for forfeiture to the United States of America in the

10  matter of <u>U.S.A. v. Power Company, Inc., et al.</u>, No. 2:06-cr-00186-PMP-PAL, brought in the

11  United States District Court for the District of Nevada (hereinafter "<u>Power Company</u>"), by way

12  of Docket No. 62 in that case, Order Granting United States of America's Motion for This Court

13  to Authorize the Substitution, the Forfeiture, and the Sale of the Substitute Assets and the

14  Distribution of the Sale Proceeds.

15         **IT IS FURTHER ORDERED** that within **14 days** of the date of this Order, the Office

16  of the United States Attorney for the District of Nevada ("U.S. Attorney's Office") and the

17  United States Marshals Service for the District of Nevada ("U.S. Marshals Service") shall

18  produce the following documents:

19      1)  All marketing plans for the forfeited property, including the plan developed by
20          Sarah E. Schowalter of the U.S. Marshals Service.

21      2)  All contracts or proposed contracts for brokerage or marketing services for the
22          forfeited property, including any contracts or proposed contracts for such
            services to be provided by CB Richard Ellis.

23      3)  All communications, including e-mails, letters, notes, memoranda, or other
24          written exchanges, between the U.S. Attorney's Office or the U.S. Marshals
25          Service and Geoffrey West of CB Richard Ellis.

26      4)  All documents showing any valuations for the forfeited property.

27      5)  All documents showing any valuations, including drafts thereof and
28          supporting documentation, for the Crazy Horse Too's trade names and
            trademarks.

6) All proposed or considered contracts or agreements for the sale of the forfeited property to any third parties, including, but not limited to:

    a.  a sale to Imperial Share Holdings Corp.;
    b.  a sale to White Drive Acquisitions, LLC;
    c.  a sale to The Mortgage Broker, Inc.; and
    d.  the sale that failed on November 30, 2010 (see Power Company, ECF No. 395 at 4:10-11).

7) All title reports, including any and all preliminary or draft title reports, prepared in connection with any of the forfeited property.

8) All warranty deed title insurance policies, including all preliminary or draft policies, prepared in connection with any of the forfeited property.

9) All documents, including communications, e-mails, notes, memoranda and other writings, that refer or relate to:

    a.  John Salvador
    b.  the "Crazy Horse Too A Gentleman's Club" mark, U.S. Patent and Trademark Office Serial No. 77268097

10) All communications between the U.S. Attorney's Office and the Asset Forfeiture Program of the Department of Justice, including all supporting documentation, concerning the forfeited property.

11) All communications between the U.S. Marshals Service and the Asset Forfeiture Program of the Department of Justice, including all supporting documentation, concerning the forfeited property.

12) Any reports submitted to the Asset Forfeiture Program of the Department of Justice concerning the forfeited property.

13) Any documents evidencing any attempt by the United States to market for sale the Crazy Horse Too mark to any third party from July 1, 2011 to the present.

**IT IS FURTHER ORDERED** that production of the responsive documents shall be made by overnight mail to the following counsel of record:

    a.  Bryan C. Altman, Esquire, The Altman Law Group, 6300 Wilshire Boulevard, Suite 980, Los Angeles, California 90048; and

b.   Bruno W. Tarabichi, Esquire, Owens Tarabichi, LLP, 111 N. Market Street, Suite 730, San Jose, California 95113.

DATED this 10th day of February, 2015.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**